UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| NATHANIEL GREGA, | ) | CASE NO. 1:14 CV 217 |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| CHIEF ROBERT STELL, et al., | ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) | |

On January 31, 2014, plaintiff *pro se* Nathaniel Grega, an inmate at the Lake Erie Correctional Institution, filed this 42 U.S.C. § 1983 action against City of Ashtabula Police Chief Robert Stell and 15 police officers and detectives of the City of Ashtabula Police Department. Plaintiff alleges in the complaint that he was confined at the Ashtabula City Jail from January 30, 2012 to February 24, 2012, and that during that time there was not running drinking water in the cell in which he was housed. He further alleges he suffered "dehydration, malnutrition and mental anguish daily" while incarcerated at the jail, because he was "refused drinking water" by each defendant. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMilian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.*

The allegation that there was no drinking water in plaintiff's cell does not set forth a valid Eighth Amendment claim. It would, of course, be physically impossible for anyone to go 25 days without water; thus, it is apparent plaintiff is complaining about *how frequently* he was provided

fluids to drink. However, there are no allegations such fluids were not provided frequently enough to satisfy minimum civilized standards. Further, while plaintiff makes the general assertion that he suffered "dehydration and malnutrition," there is no suggestion he required medical treatment or that physical injury resulted. He instead is asserting a claim for post-traumatic stress he allegedly suffered. Such a claim is barred by 42 U.S.C. § 1997e(e), which precludes recovery by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir.1999).

Thus, even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid claim. *See, Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 6/19/14*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE